{¶ 18} Lieutenant Simcox, an officer with extensive experience in drug interdiction involving methamphetamine labs, articulated a reasonable suspicion that Defendant was operating a methamphetamine lab from her home and was in the process of moving the operation to avoid detection. I respectfully dissent from the majority's opinion and would reverse the trial court's order that suppressed all evidence gained as a result of the stop.
 {¶ 19} Lieutenant Simcox conducted extensive surveillance on Defendant and on her residence in the period of time leading up to the events in question. He noted, for example, that the windows of the residence were covered with black sheeting and that a security camera was mounted on the front door. He saw a level of foot traffic to and from the home that was unusual for a residence but, in his experience, "short term traffic" that was "consistent with illegal drug activity." He stopped individuals who had left the house and, as a result, found methamphetamine and marijuana. Defendant was identified as the source of the drugs.
 {¶ 20} It was in this context that Lieutenant Simcox saw activity at Defendant's home that, based on his experience in drug interdiction, led him to believe that Defendant was relocating a methamphetamine lab to avoid detection. His suspicions were heightened by the evasive actions that Defendant took to avoid contact with him and her own unusual traffic in and out of a residence. Lieutenant Simcox articulated specific facts that justified the stop. From the specific facts, he drew reasonable inferences — he did not act on a "mere hunch." *Page 10 
 {¶ 21} I conclude that Lieutenant Simcox had a reasonable suspicion that criminal activity was afoot and that the stop was justified. I would reverse the decision of the trial court because the evidence gained as a result of the search warrant and subsequent seizure were not fruit of an illegal stop.
 {¶ 22} I respectfully dissent. *Page 1